IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DEANNA EFFLAND**,          *

   *Plaintiff*,            *

v.                          *   Civil Case No. 1:20-cv-03503-CCB

**BALTIMORE POLICE DEPARTMENT,**
**et al.,**
                               *

   *Defendants*.
                               *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM OPINION AND ORDER

On September 6, 2023, United States District Judge Catherine C. Blake referred this case to the undersigned for all discovery and related scheduling. (ECF No. 64). That same day, the undersigned issued his Memorandum Regarding Informal Discovery, which set forth the procedures by which the parties could seek Court intervention for discovery disputes (ECF No. 65). Before the Court is Plaintiff's Motion to Compel (ECF No. 78) related to two third-party subpoenas served pursuant to Rule 45 of the Federal Rules of Civil Procedure on former Defendants Richard Worley and Lester Rutherford, both of whom were employed by the Baltimore Police Department ("BPD") during the relevant time period (Mr. Worley remains employed by BPD). Messrs. Worley and Rutherford filed timely objections to their respective subpoenas and a combined Opposition to the Motion to Compel (ECF No. 87). The Court has also considered Plaintiff's Reply thereto (ECF No. 95) and finds that no hearing is necessary pursuant to Local Rule 105.6 (D. Md. 2023). As set forth more fully below, the Court DENIES Plaintiff's motion, with one caveat.

I.      **Background**

Plaintiff is a member of the BPD. She began her career with the BPD in 1994 as a sworn police officer before being promoted to the rank of Sergeant in May 2000, Lieutenant in January 2007, Captain in December 2015, and subsequently being demoted back to Lieutenant in October 2016. (ECF No. 20 at ¶¶ 4, 17, 18, 49, 59).[1] Plaintiff filed her initial Complaint on December 2, 2020, which was then amended on December 7, 2021. (ECF Nos. 1, 20). The Amended Complaint alleged (1) discrimination and retaliation under Title VII; and (2) discrimination and retaliation under the Maryland Fair Employment Practices Act ("MFEPA"). (ECF No. 20). Defendant then moved to dismiss Plaintiff's Amended Complaint or, in the alternative, sought summary judgment against Plaintiff on January 10, 2022, before Plaintiff filed her own motion for partial summary judgment on May 13, 2022. (ECF Nos. 25, 38).

In her ensuing Memorandum Opinion and Order of August 22, 2022, Judge Blake granted in part and denied in part the motion to dismiss and denied the motion for partial summary judgment. *See generally* (ECF No. 43). Relevant for purposes of the current analysis, Judge Blake dismissed Count II of the Amended Complaint, including all claims against Messrs. Worley and Rutherford, but declined to dismiss Plaintiff's Title VII claim against BPD. (ECF No. 43 at 9–15). As to that remaining claim, Judge Blake narrowed its scope, ruling that Plaintiff "may not recover damages for acts occurring prior to February 21, 2017." *Id.* at 9–12. Specifically, Judge Blake determined that Defendant's alleged unlawful acts that occurred between February 21, 2017, and December 18, 2017, were the only discrete acts within the justiciable purview of Plaintiff's

---

[1] When the Court cites to a particular page, paragraph number, or range of pages/paragraph numbers, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document and the numbered paragraphs therein.

prior Equal Employment Opportunity Commission ("EEOC") charge, and thus the only discrete acts remaining at issue in the current case. *Id.*

Nonetheless, Judge Blake also held that other acts of alleged discrimination pre-dating February 17, 2017, could be considered as "background evidence in support of [Plaintiff's] claim." *Id*. The Court also notes Judge Blake's instruction that motions *in limine* may be filed to address evidence that Defendant thinks should be excluded at trial as too remote or unrelated to the surviving claims, which highlights that the definition of relevance for purposes of discovery is broader than that utilized at trial. *Id*. at 10 n.7. As previously held by this Court in a prior discovery dispute, some evidence of conduct prior to February 21, 2017, is within the scope of discovery "as background evidence in support of Plaintiff's claim," but such discovery is not unlimited given its "supporting role" relative to the allegations that are still viable in the case. (ECF No. 77 at 4). Based on that reasoning, the Court previously ordered BPD to produce some evidence for this pre-February 2017 period. *Id*. at 4–5.

Through the instant subpoenas, Plaintiff apparently seeks more background evidence, yet the subpoenas at issue do not reflect a full recognition that such discovery is not unlimited given its supporting role and the prior discovery already ordered by the Court. The specific requests in the subpoena to Mr. Worley are as follows:

> 1. All documents evidencing communications by and between you and Lester Richard Rutherford concerning Plaintiff Deanna Effland from 2011 through the present.
>
> 2. All documents evidencing communications by and between you and Lester Richard Rutherford concerning rehiring or potentially rehiring him at the Baltimore Police Department from 2013 through the present.
>
> 3. All documents evidencing communications by and between you and Milton Snead concerning Plaintiff Deanna Effland from 2016 through the present.

4. All documents evidencing communications by and between you and Dean Palmere concerning Plaintiff Deanna Effland from 2016 through the present.

5. All documents evidencing communications by and between you and any other person concerning Plaintiff Deanna Effland from 2016 through the present.

The specific requests in the subpoena to Mr. Rutherford are similarly broad, seeking:

1. All documents evidencing communications by and between you and Richard Worley concerning Plaintiff Deanna Effland from 2011 through the present.

2. All documents evidencing communications by and between you and Milton Snead concerning Plaintiff Deanna Effland from 2016 through the present.

3. All documents evidencing communications by and between you and Dean Palmere concerning Plaintiff Deanna Effland from 2016 through the present.

4. All documents evidencing communications by and between you and Osborne Robinson concerning Plaintiff Deanna Effland from 2016 through the present.

5. All documents evidencing communications by and between you and any other person concerning Plaintiff Deanna Effland from 2016 through the present.

The subpoena to Mr. Worley was served on September 8, 2023, and the subpoena to Mr. Rutherford was served at his deposition on September 27, 2023. (ECF No. 78-1 at 2). Of note, the discovery deadline in this case was October 24, 2023. (ECF No. 59). Not surprisingly, Messrs. Worley and Rutherford objected to the broad scope of their respective subpoenas on October 12 and October 18, 2023, respectively. (ECF Nos. 87-3 and 87-4). Mr. Rutherford's response further indicated that he had no documents responsive to any of the requests. (ECF No. 87-3 at 2–3).[2] Mr. Rutherford subsequently testified to the same under oath at his deposition. (ECF No. 87 at 3). Mr.

---

[2] Plaintiff correctly points out that both Mr. Rutherford's and Mr. Worley's responses in this regard state that they have no responsive documents "subject to the foregoing objections," an imprecise phraseology that begs the question as to whether either or both possess responsive documents that are being withheld based on the objections. The rules specifically prohibit such hedging, and the Court has been critical of this technique in the past and directed parties to clarify whether responsive documents were withheld based on the objections. Fed. R. Civ P. 34(b)(1)(c); *see also Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, No. 17-252-JKB, 2017 WL 3621184, at *2 (D. Md. Aug. 22, 2017). The Court will do the same here, and ask Messrs. Rutherford and Worley to clarify whether, in stating that they have no responsive documents "subject to the objections," they are otherwise withholding responsive documents subject to those objections.

Worley's response further indicated that he had no documents responsive to requests 2 and 4. (ECF No. 87-4 at 3). Defense Counsel expressed a willingness to meet and confer regarding the remaining subpoena items. *Id*. at 2–4. To their credit, the parties attempted to narrow the current dispute, including a "meet and confer" on November 2, 2023. (ECF No. 78-1 at 2). Mr. Worley subsequently produced some responsive documents on November 16 and December 19, 2023, based on expanding email searches to include nicknames Plaintiff used. Plaintiff nonetheless filed the instant motion.

**II.     Analysis**

Federal Rule of Civil Procedure 45 governs subpoenas issued to third parties. Document discovery, whether through Rule 45 or Rule 34, remains subject to the general discovery provisions of Rule 26. Rule 26(b) provides that a district court may limit discovery if it concludes: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." *Bartch v. Barch*, No. 19-cv-02842-RDB, 2020 WL 204921, at *2 (D. Md. Jan. 14, 2020) (quoting *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004)). In the context of subpoenas issued to third parties (as is the case here), a court "will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance." *Indem. Ins. Co. v. Am.Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005).

Plaintiff claims the information sought is relevant. (ECF No. 78-1 at 5–7). Yet Plaintiff merely recites a vague narrative lacking in specific activities or dates or, where specific dates are provided, they predate the relevant actionable period specified by Judge Blake of February 2017

– December 2017.  Plaintiff further justifies her request by arguing that under Rule 26 and 45, the "requests need only seek discovery reasonably calculated to lead to admissible evidence." (ECF No. 78-1 at 14).  As the Advisory Committee made clear, and as the Court has pointed out on several occasions, this language has not been part of Rule 26 since the amendments of 2015, specifically because it was wrongfully interpreted by counsel as suggesting that something short of relevance would justify a discovery excursion in the hopes that something just might turn up. 2015 Advisory Committee Notes to Fed. R. Civ. P. 26; *see also Mt. Hawley Ins. Co.*, 2017 WL 3621184 at *2.  It must also be remembered that Plaintiff has already been provided with discovery even predating this relevant period and specifically involving Rutherford and Worley from their employer, BPD, the sole remaining named defendant in the suit.  And, given the non-party status of Messrs. Rutherford and Worley, they are due more protection from broad last minute discovery requests.

As to Mr. Rutherford, the Court cannot order him to produce information that he does not have.  Assuming he verifies that he has not withheld any responsive information based on his objections (as discussed in footnote 1), the Court will deny the motion as to him.  Given the timing of the subpoena, which would not have allowed for reasonable compliance within the discovery period, the Court would also have been inclined to deny the motion to compel on that basis alone. *See* Local Rule 104.2 (D. Md. 2023).

As to Mr. Worley and Requests 2 and 4, the Court also cannot order him to produce information he does not have.  Assuming he verifies that he has not withheld any responsive information based on his objections (as discussed in footnote 1), the Court will deny the motion as to those requests.  As to the remaining requests, given their extremely broad scope despite the prior narrowing of this case as ordered by Judge Blake, the discovery of "background" information

already conducted that pre-dated that scope, and recognizing the expansion of search terms by Mr. Worley as a compromise as set forth above, the Court will deny the motion as well.

### III.     Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel is DENIED, with the caveat set forth in footnote 1 that Messrs. Worley and Rutherford confirm that no otherwise responsive documents are in their possession with regard to those requests where they claimed the same "subject to" their objections. Messrs. Worley and Rutherford shall confirm as such within fourteen (14) days from the date of this Memorandum Opinion and Order.

Date: <u>January 5, 2024</u>                                   /s/
                                                                            J. Mark Coulson
                                                                            United States Magistrate Judge