IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DEANNA EFFLAND, | * | |
| Plaintiff, | * | |
| | * | Civ. No. MJM-20-3503 |
| v. | * | |
| BALTIMORE POLICE DEPARTMENT, | * | |
| Defendant. | * | |

## MEMORANDUM ORDER

This matter is before the Court on plaintiff Deanna Effland's ("Plaintiff") motion to alter or amend the judgment. ECF No. 125. The motion is fully briefed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the Court will deny the motion.

I.     BACKGROUND

Plaintiff filed the instant suit on December 2, 2020, against Baltimore Police Department ("BPD" or "Defendant") and four individuals employed by BPD, alleging that the defendants discriminated and retaliated against her based on her sex in violation of state and federal law. ECF No. 1. The Complaint was amended on December 7, 2021, ECF No. 20, and the defendants moved to dismiss the Amended Complaint, ECF No. 25. On August 4, 2022, after the matter was briefed, Judge Catherine C. Blake granted in part Defendants' motion to dismiss and ordered, in part, that Plaintiff was time-barred from recovering damages "for acts occurring prior to February 21,

2017[,]" 300 days before December 18, 2017—the date Plaintiff filed her second EEOC charge.[1] ECF No. 43; *Effland v. Baltimore Police Dep't*, Civ. No. CCB-20-3503, 2022 WL 3107144 (D. Md. Aug. 4, 2022).

On December 15, 2023, Defendant filed a motion for summary judgment. ECF No. 84. After the motion was briefed, on September 30, 2024, the Court issued a Memorandum Opinion and Order granting Defendant's motion. ECF Nos. 121, 122; *Effland v. Baltimore Police Dep't*, Civ. No. MJM-20-3503, 2024 WL 4349693 (D. Md. Sept. 30, 2024). The Court incorporates the facts summarized in the Memorandum Opinion. ECF No. 121 at 2–5.

Plaintiff filed a motion to alter or amend judgment pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, ECF No. 125, which Defendant opposed, ECF No. 128, and Plaintiff replied, ECF No. 131.

**II.    LEGAL STANDARD**

A party may file a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. A district court may grant a Rule 59(e) motion "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rule 60(b) provides for relief from a final judgment, order, or proceeding for specific reasons enumerated in the rule. "To prevail, a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d

---

[1] In Maryland, a charge of discrimination must be filed with the EEOC or the appropriate agency within 300 days of when the alleged unlawful employment practice occurred. 42 U.S.C. §2000e-5(e)(1); *see also Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004).

295, 299 (4th Cir. 2017). Once this threshold is met, the party "then must satisfy one of the six specific sections of Rule 60(b)." *Id.*

Reconsideration of a final judgment is an "extraordinary remedy, which should be used sparingly." *Carlton J. v. Kijakazi*, Civ. No. TJS-21-241, 2022 WL 597064 at *1 (D. Md. Feb. 28, 2022) (citation omitted). Grounds for reconsideration are "purposefully narrow" to avoid exhausting the parties' and the Court's resources on the re-litigation of settled matters. *Crocetti v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-17-1122, 2018 WL 3973074 at *1 (D. Md. Aug. 1, 2018). Rule 59(e) motions "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* To justify granting a Rule 59(e) motion based on a clear error of law, it is insufficient for a plaintiff to show that the court's judgment was "just maybe or probably wrong . . . ." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2019) (citation omitted). "[M]ere disagreement" with the court's analysis will not suffice. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). The plaintiff must identify a clear error of law that "strike[s] [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish. . . . It must be dead wrong." *Franchot*, 572 F.3d at 194 (cleaned up).

**III.    DISCUSSION**

Plaintiff asserts several grounds for reconsideration of the Court's Order granting summary judgment for Defendant. The Court does not find any of them persuasive.

    **A. Equitable Estoppel and Equitable Tolling**

First, Plaintiff argues that equitable estoppel or equitable tolling should allow her claims regarding actions by BPD that occurred before February 21, 2017, because BPD withheld information related to her 2016 demotion and that she pursued her rights diligently, despite being

3

prevented from timely filing by her medical leave. ECF No. 125-1 at 5–10. Plaintiff further argues that the Court applied the law of the case doctrine too broadly, allowing it "to serve as an *absolute foreclosure* to equitable relief without considering the specific facts and circumstances that may warrant such relief." *Id.* at 12. Defendant argues that Plaintiff does not meet the standards for equitable estoppel or equitable tolling, and the law of the case doctrine was properly applied. ECF No. 128-1 at 6–7.

Here, in her opposition to Defendant's summary judgment motion, after the completion of discovery, Plaintiff invoked equitable estoppel and tolling in an attempt to resurrect claims for recovery Judge Blake dismissed before discovery. This effort was plainly belated. Based on Judge Blake's ruling, the parties conducted discovery in this case with the understanding that Plaintiff "may not recover damages for acts occurring prior to February 21, 2017." ECF No. 43 at 10. Plaintiff never moved for reconsideration of the partial dismissal or moved to amend her pleading to add facts to support entitlement to equitable relief from it. In ruling on summary judgment, this Court found no justification for disturbing the partial dismissal. *See* ECF No. 121 at 9 n.5. Notwithstanding, the Court addressed Plaintiff's equitable estoppel and tolling arguments on the merits and rejected them. ECF No. 121 at 6–9. The Court does not find any clear error, manifest injustice, or change in facts or the law that might justify departing from its prior determination that Plaintiff's pre-December 2017 claims are procedurally barred.

In certain limited situations, a plaintiff's claims alleging conduct outside the statutory window may be recoverable under the doctrines of equitable estoppel and equitable tolling. *See Belton v. City of Charlotte*, 175 F. App'x 641, 653 (4th Cir. 2006). To invoke equitable estoppel, a plaintiff must show: "(1) lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of [the defendant]; and (3) action based thereon of

4

such a character as to change [the plaintiff's] position prejudicially." *Edwards v. Genex Coop., Inc.*, 777 Fed. App'x 613, 625 (4th Cir. 2019) (citation omitted). Notably, equitable estoppel applies only if the defendant took "active steps to prevent the plaintiff from filing [her] case." *Belton*, 175 F. App'x at 654 (citing *Eng. v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)). Equitable tolling is "a discretionary doctrine that turns on the facts and circumstances of a particular case." *Warfaa v. Ali*, 1 F.4th 289, 294 (4th Cir. 2021) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). "For equitable tolling to apply, a litigant must establish '(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.'" *Id.* (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)). Equitable tolling is an "extraordinary remedy," and "litigants face a considerable burden to demonstrate that it applies." *Id.* (quoting *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015)). It "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* (quoting *Harris*, 209 F.3d at 330).

In *Huff v. Bd. of Governors of Univ. of N.C.*, a panel of the Fourth Circuit determined that neither equitable estoppel nor equitable tolling applied in a case where, although an employer did not tell the plaintiff the reason for her termination, there was no evidence that the employer sought "to conceal a cause of action or intentionally delay an EEOC charge[,]" and the employer did not "take any actions that it should have unmistakably understood would cause Huff to delay filing her charges." 334 F. App'x 583, 584 (4th Cir. 2009) (citing *Pabst Brewing Co.*, 828 F.2d at 1049).

Plaintiff argues that she was "strictly confined" to her home during her medical leave, leaving her "without access to internal BPD resources, colleagues, and evidence [hindering] her

5

ability to investigate her demotion and pursue her legal rights." *Id.* Plaintiff cites *McCoy v. Transdev Services, Inc.* ("*McCoy*") in support of her argument that medical incapacity has warranted equitable tolling in past cases. *Id.* (citing Civ. No. DKC-19-2137, 2020 WL 2319117, at *5 (D. Md. May 11, 2020)). However, in *McCoy,* the court did not grant equitable tolling due to the defendant's personal illness but, rather, referred to the national emergency caused by the onset of the COVID pandemic, "[t]aking into account the current public health crisis, during which many deadlines in civil cases have been extended, and in the light of the absence of objection." *McCoy*, 2020 WL 2319117, at *5. The Court addressed this issue in its Memorandum Opinion, *see* ECF No. 121 at 9, and Plaintiff supplied no new case law or facts to support her argument.

Regarding Plaintiff's arguments that her time was taken up with her worker's compensation claim and an internal affairs investigation, those arguments do not meet the threshold for "extraordinary circumstances" to qualify for equitable tolling. Courts have consistently held that the

> invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation.

*Harris*, 209 F.3d at 330. Plaintiff's reasons for failing to timely file her claim are not "extraordinary" and are not sufficient to justify equitable tolling.

In sum, the Court does not find that Plaintiff's equitable estoppel and tolling arguments justify the extraordinary relief of altering the Court's judgment.

### B. Adoptive Admission

Second, Plaintiff asks this Court to revisit its judgment on the grounds that the Court failed to treat her EEOC charge as an admission by BPD given BPD's failure to respond to certain

6

allegations contained in the charge in its position statement before the EEOC. ECF No. 125-1 at 12–14. Under Federal Rule of Evidence 801(d)(2)(B), Plaintiff argues, BPD's failure to address or rebut the allegations is equivalent to an adoptive admission of wrongdoing. *Id.* Plaintiff argues that the Court's "failure to consider this critical evidence and its potential impact on a jury's assessment of BPD's liability constitutes a clear error that warrants reversal of the summary judgment decision." *Id.* Defendant argues that the adoptive admission rule does not apply to its EEOC position statement and that the Court considered and rejected the EEOC documents when it granted summary judgment in Defendant's favor. ECF No. 128-1 at 7–8.

Rule 801(d)(2)(B) provides that "[a] statement is not hearsay" if the statement is "offered against an opposing party" and "is one the party manifested that it adopted or believed to be true." Fed. R. Evid. 801(d)(2)(B). "A statement may be offered as an adoptive admission if it is shown that the statement was made under circumstances that would induce a reasonable person to respond and the person against whom it is sought to be used against heard, understood, and acquiesced in the statement." *Buckley v. Airshield Corp.*, 116 F. Supp. 2d 658, 663–64 (D. Md. 2000). "To constitute an adoptive admission, the [proponent] must be able to point to 'sufficient foundational facts from which the jury *could* infer that the defendant . . . acquiesced in the statement.'" *United States v. Recio*, 884 F.3d 230, 234 (4th Cir. 2018) (quoting *United States v. Robinson*, 275 F.3d 371, 383 (4th Cir. 2001)); *see also United States v. Jinadu*, 98 F.3d 239, 244 (6th Cir. 1996) ("When a statement is offered as an adoptive admission, the primary inquiry is whether the statement was such that, under the circumstances, an innocent defendant would normally be induced to respond, and whether there are sufficient foundational facts from which the jury could infer that the defendant heard, understood, and acquiesced in the statement.").

Here, the evidence in the record before this Court on summary judgment was inadequate to establish "foundational facts from which the jury *could* infer that the defendant . . . acquiesced in the statement." *Recio*, 884 F.3d at 234. Notably, BPD submitted a position statement contesting Plaintiff's EEOC charge. *See* ECF No. 112-10. BPD's acquiescence cannot be reasonably inferred solely from any omission or failure to make specific responses to specific allegations contained within that charge. Therefore, in the circumstances of this case, the Court did not err in declining to treat allegations in Plaintiff's EEOC charge as an adoptive admission by BPD.

### C. City of Baltimore's Challenge to Plaintiff's Worker's Compensation Claim

Plaintiff argues that, while BPD and the City of Baltimore were technically different entities at the time of the events in question, *see Middleton v. Baltimore City Police Dep't*, Civ. No. ELH-20-3536, 2022 WL 268765, at *13 (D. Md. Jan. 28, 2022), they were both her employers and, therefore, the City of Baltimore's challenge to her worker's compensation claim can be attributed to BPD as a retaliatory adverse action. ECF No. 125-1 at 14–16. Defendant argues that Plaintiff did not raise this argument at the summary judgment stage, and it cannot be considered under a motion to alter the judgment. ECF No. 128-1 at 8–9. Defendant further argues that Plaintiff failed to present any evidence that "any of the individuals involved with her worker's compensation case were aware of her complaints of discrimination and retaliation." *Id.* at 9.

A party may not "raise arguments which could have been raised prior to the issuance of the judgment, nor may [Rule 59(e) motions] be used to argue a case under a novel legal theory" that was available to the party before the judgment. *Pac. Ins. Co.*, 148 F.3d at 403. Plaintiff's argument that the Court should attribute the City of Baltimore's participation in her worker's compensation proceeding to BPD because both entities were her employer is a new argument she failed to present in opposing BPD's summary judgment motion. Plaintiff fails to demonstrate that the Court made

8

a clear error of law in declining to attribute the actions of the City of Baltimore to BPD. Accordingly, the Court declines to unwind its ruling on this issue.

Plaintiff's argument lacks merit in any event. Even if the City of Baltimore was Plaintiff's employer jointly with BPD and therefore potentially liable for retaliation based on challenging Plaintiff's worker's compensation claim, the City is not a named defendant in this action. Moreover, even if the City's actions were attributable to BPD, BPD is still entitled to summary judgment on Plaintiff's retaliation claim because it produced legitimate reasons for challenging Plaintiff's worker's compensation claim, and Plaintiff failed to demonstrate that these reasons were a pretext and that Plaintiff's protected activities were a true cause of the City's actions. *See Lashley v. Spartanburg Methodist Coll.*, 66 F.4th 168, 174 (4th Cir. 2023).

Plaintiff's motion to alter the grant of summary judgment on her retaliation claim is denied.

**D. Lilly Ledbetter Fair Pay Act**

Plaintiff next asks the Court to reconsider its ruling that she could not recover under the Lilly Ledbetter Fair Pay Act ("LLFPA"). She argues that the language of LLFPA should be interpreted to mean "that any decision to directly adversely affect compensation in violation of Title VII of the Civil Rights Act of 1964 is subject to LLFPA." ECF No. 125-1 at 16. She argues that the allegations in the amended complaint suffice to put BPD on notice that she would seek to recover under the LLFPA. Defendant argues that Plaintiff did not state a claim for relief under LLFPA and therefore cannot raise the claim at this stage in the litigation. ECF No. 128-1 at 9. Defendant further argues that every federal circuit to have addressed this issue has ruled conclusively that a reduction in pay because of a discrete adverse employment action does not fall under LLFPA.

9

LLFPA amended Title VII to address discrimination in compensation. *Ferguson v. Town of Riverdale Park, Md.*, Civ. No. LKG-20-3574, 2021 WL 5742234, at *5 (D. Md. Dec. 1, 2021). As noted by the Court in its Memorandum Opinion, Plaintiff failed to state a claim for relief under the LLFPA in her Amended Complaint. In addition, the Court closely examined the statute and cases interpreting and applying it. ECF No. 121 at 18–20. The Court concluded that "while [Plaintiff's] allegations clearly implicate the impact the demotion had on Plaintiff's compensation, this discrete employment action was not alleged to constitute a 'discriminatory compensation decision' under the LLFPA." ECF 121 at 20. As explained *supra*, "'mere disagreement' with the court's analysis will not suffice" to justify granting a Rule 59(e) motion to alter the Court's judgment. *Hutchinson*, 994 F.2d at 1082. The Court finds no error in its ruling on Plaintiff's LLFPA arguments and denies Plaintiff's motion on this basis.

## IV.    CONCLUSION

For the reasons stated above, it is by the United States District Court for the District of Maryland, hereby ORDERED that Plaintiff's motion to alter or amend judgment (ECF 125) is DENIED. The Clerk shall close this case.

  9./30/25  
Date

　　　　　　/S/　　　　　　　　　　　
Matthew J. Maddox
United States District Judge